## Snow v. Dallas Township School District.

*Common schools—Contract—Executory—Act of May 18, 1911, art. 12, sect. 1205.*

A motion carried at a meeting of a township school board to engage a particular person as teacher, followed by a motion duly carried, naming the salary, is, as a contract, inchoate and executory, not having been reduced to writing or executed by the president and secretary and signed by the teacher, as required by the Act of May 18, 1911. P. L. 309.

Statutory demurrer to statement of claim. C. P. Luzerne Co., Dec. T., 1921, No. 616.

*Paul J. Sherwood,* for plaintiff; *G. J. Clark,* for defendant.

WOODWARD, J.—Plaintiff's statement avers that the Directors of the School District of Dallas Township, a district of the fourth class, at a regular meeting held July 5, 1921, passed, *inter alia,* the following resolutions:

"Motion made by Roberts, seconded by Herdman, to elect Mrs. Snow, Miss Harris and Miss Newberry at Kunkle. Vote of Roberts, Whispell, Herdman. Opposed, Hildebrant and Mosier. Carried.

"Motion made by Roberts, seconded by Mosier, to pay Mrs. Snow and Mr. Shaver $140 a month, all other teachers to receive minimum salary according to the certificate they hold. Vote of full board."

The plaintiff in due time presented herself to the school board for the purpose of signing a contract, but was refused by the secretary, acting on behalf and by authority of the defendant, and was informed by him that she had been dismissed by the board and that her position had been declared vacant. Whereupon she brought this action to recover damages for the loss of her salary, having failed, after reasonable effort, to obtain other employment.

The affidavit of defence, admitting the facts averred in plaintiff's statement, denies that it shows any right of action because the contract was not reduced to writing.

The Act of May 18, 1911, P. L. 309, known as the School Code, in article XII, section 1205, provides as follows: "In school districts of the second, third and fourth class, all contracts with teachers shall be in writing, in duplicate, and shall be executed on behalf of the board of school directors by the president and secretary and signed by the teacher."

3 D. & C.

The contract in this case was inchoate and executory until it had been reduced to writing, signed by the proper officers and accepted by the plaintiff. The plaintiff's statement avers that it was so accepted, but that it was not reduced to writing. It could not be accepted until it was reduced to writing, and as it is admitted in the statement that it was never written out, it was not such a contract as the act requires to sustain an action for damages on the part of the plaintiff.

The question of law raised by the affidavit of defence is decided against the plaintiff, and judgment is directed to be entered in favor of the defendant.

From F. P. Slattery, Wilkes-Barre, Pa.